*LOUISIANA STATE BANK* vs. *ROWEL* & *AL.*

Where the      APPEAL from the court of the third district.
endorser lives
within three
miles of the   PORTER, J. delivered the opinion of the court.
post-office,
notice put     This action is brought against one of the de-
there is not
sufficient.    fendants, as endorser of promissory notes.—
Various grounds of defence have been set up

by her, and, among others, a want of due and regular notice of nonpayment by the maker.

Eastern Dist.
*Feb'ary* 1828.

LOUISIANA
STATE BANK
*vs.*
ROWEL &AL.

It appears, in evidencce, that the appellee resides near to the town of Baton Rouge, and that her residence is three miles from the village, nearer the post office than any other: that the morning after the protest was made, notice was put in the post office; that a servant from the house where the defendant resides, frequently calls before nine o'clock in the morning for letters; that they seldom remain as long as 48 hours in the box before being asked for, rarely 72, and very rarely 96.

The time at which the notice was thus deposited was previous to the passage of a late act of the legislature, in respect to giving notice of the protests of promissory notes *and* bills of exchange. The case must, therefore, be decided by the *lex mercatoria*, independent of positive legislation, and so considered, we have not a doubt of the correctness of the judgment below, in considering the notice insufficient to render the defendant responsible.

The case has been well argued, but the reasoning of the counsel, in our opinion, rested entirely on an incorrect view of the obligation contracted by an endorser of instruments of

Eastern Dist·
Feb'ary, 1828.

LOUISIANA
STATE BANK
vs.
ROWEL & AL
this kind. The obligation which such an act creates is strictly a conditional one, and that condition is, that he will pay the money in case the maker does not, provided, due notice is given to him of the default of the former. By the *lex mercatoria*, this fact must proved, by establishing that knowledge of the failure of the principal to pay, was communicated personally to the endorser, or that information to that effect was left at his house. A relaxation of this rule has been introduced for the convenience of trade, when the endorsers live at such a distance, that their residence is nigher another post office than that where the holder lives; in such case, it is sufficient to send by mail a notice directed to the endorser. There has been another relaxation of the rule in large cities where there are establishments called the penny-post, by which letters are daily sent round to all persons residing within certain limits. These are the only exceptions we know of to the rule already stated. We have looked into all the elementary treatises on this subject, and have examined with care the reports of adjudged cases, and we have found nothing to support, in the slightest degree, the position taken by the appellants, that depositing a no-

tice in a post office when the party giving it re-
sides in the same place with the endorser, or
near to him, is a sufficient evidence of that no-
tice having reached him in due time. But we
have been told this is only going one step fur-
ther than other countries have gone in relaxing
this rule, and that for the convenience of trade
we should take that step. We see no reason
of public convenience to induce us to make
such a change in the law merchant, if we had
the power to do so. We find none in the equi-
ty of the case. The parties must be presumed
to have contracted in relation to the law as it
existed at the time the notes were executed and
endorsed, not by the modifications which courts
might afterwards introduce into it. In any case,
evidence such as this, would be furnishing but
presumption in place of proof. Here it is but
a slight one, for it is proved letters remain some-
times 72 hours before they are sent for; and
how can we know the notice did not remain for
this length of time. We think the case most
clearly with the defendant, but that the judg-
ment should have been one of nonsuit, instead
of being final. *See vol. 2, n. s. 511.*

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court

Eastern Dis.
Feb'ary 1828.

LOUISIANA
STATE BANK
vs.
ROWEL & AL

Eastern Dis.
Feb'ary 1828.

Louisiana
State Bank
*vs.*
Rowel & al

be annulled, avoided and reversed; that there be judgment for defendant as in case of non-suit, with costs in the court below—those of appeal to be paid by the appellee.